IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 7:13-CV-100-BO

| | | |
|---|---|---|
| JACQUELINE BURNS, GLENDA J. JACKSON, BARBARA R. LOWRY, ANNIE RAY-FULLER, GWENDOLYN O. ROBERTS and YAKAMIA SMITH, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | **ORDER** |
| v. | ) ) | |
| THE BOARD OF TRUSTEES OF ROBESON COMMUNITY COLLEGE, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [DE 7]. The motion is ripe for adjudication. For the reasons stated herein, the defendant's motion to dismiss is GRANTED.

## BACKGROUND

This case stems from a series of adverse employment actions taken against plaintiffs by defendant. Plaintiffs were all employed by defendant in various roles and the facts pertaining to each plaintiff individually are as follows:

Plaintiff Jacqueline Burns is an African-American female and was hired by defendant in February 2008 as an Adult Basic Skills Instructor. She remained employed by defendant in this capacity until June 30, 2012 pursuant to a renewable employment contract. Ms. Burns was informed on May, 16, 2012 that her employment contract would not be renewed because of budgetary constraints.

Plaintiff Glenda J. Jackson is an African-American female and was hired by defendant in 2000 as a Workforce Investment Act ("WIA") case manager. She remained employed by defendant in this capacity until June 30, 2012 pursuant to a renewable employment contract. Defendant informed Ms. Jackson on May 16, 2012 that her employment contract would not be renewed due to budgetary constraints. However, her former position was advertised in the Robesonian Newspaper ("newspaper") on or about July 15, 2012. Defendant never told Ms. Jackson that she was ineligible for rehire and she applied for her former position, but was informed on October 12, 2012 that she would not be rehired. Ms. Jackson was not offered an interview. Ms. Jackson filed a claim with the Equal Employment Opportunity Commission ("EEOC") and received her notice of suit rights on or about January 10, 2013.

Plaintiff Barbara R. Lowery is a Native-American female and was hired by defendant on or about September 18, 2000 as an Academic Advisory/WIA Coordinator. She remained employed by defendant in this capacity until June 30, 2012 pursuant to a renewable employment contract. On May 16, 2012 defendant informed Ms. Lowery that her contract would not be submitted for renewal due to restructuring in her department, the Basic Skills Department. At the time Ms. Lowery was informed her contract would not be submitted for renewal, she was 63 years old and the oldest person employed by defendant in the entire College and Career Readiness Department. Defendant did not inform Ms. Lowery that she was ineligible for rehire. Defendant advertised Ms. Lowery's former position in the newspaper on or about July 15, 2012. She applied for her former position on or about July 19, 2012, but was informed that she would not be rehired on or about October 12, 2012. Ms. Lowery was not offered an interview. She filed a claim with the EEOC and received her notice of suit rights on or about January 10, 2013.

2

Plaintiff Annie Ray-Fuller is an African-American Female and was hired by defendant in 2000 as a WIA case manager. She remained employed by defendant in this capacity until June 30, 2012 pursuant to a renewable employment contract. On May 16, 2012, defendant informed Ms. Ray-Fuller that her contract would not be renewed due to budgetary constraints. Defendant advertised Ms. Ray-Fuller's former position in the newspaper n or about July 15, 2012. At the time she was informed her contract would not be renewed, Ms. Ray-Fuller was 62 years of age. Defendant never told Ms. Ray-Fuller that she was ineligible for rehire, but after applying for the position, she was informed on or about October 12, 2012 that she would not be rehired. Ms. Ray-Fuller was not offered an interview and a person under the age of 40 was hired to replace her. She filed a claim with the EEOC and received her notice of suit rights on or about January 10, 2012.

Plaintiff Gwendolyn O. Roberts is an African-American female and was hired by the defendant on or about May 29, 2009 as an Adult high School/GED Coordinator. She remained employed by defendant in this capacity until June 30, 2012 pursuant to a renewable employment contract. Defendant informed Ms. Roberts that her contract would not be renewed due to budgetary constraints on May 16, 2012. Ms. Roberts consistently completed projects on time and received excellent annual evaluations during the course of her employment with defendant.

Plaintiff Yakamia Smith is an African-American female and was hired by defendant in 2000 as a WIA Intake Specialist. She remained employed by defendant in this capacity until June 30, 2012 pursuant to a renewable employment contract. On May 16, 2012, defendant informed Ms. Smith that her contract would not be renewed due to budgetary constraints. Defendant advertised Ms. Smith's former position in the newspaper on or about July 15, 2012. Defendant

3

never informed Ms. Smith that she was ineligible for rehire, but she was not offered an interview and was not rehired.

In addition to these individualized facts, several facts apply to the plaintiffs collectively. Defendant employed several persons to work on issues pertaining to the WIA ("WIA Staff"). The WIA Staff consisted solely of African-Americans and included plaintiff's Jackson, Ray-Fuller, and Smith. Ms. Lowery was the supervisor of the WIA Staff. On or about November 7, 2011, Felicia Hunt, Assistant Vice President for defendant, informed members of the WIA Staff that they would be relocated from their offices to a set of cubicles in the back of the building. Ms. Hunt was directly supervised by Dr. Mark Kinlaw, Vice President of Instruction and Support Services for defendant. Both were responsible for supervising the departments in which plaintiffs worked. The WIA Staff's new cubicles were under surveillance, and their former offices were given to Caucasian employees with less seniority.

WIA Staff allege they were subjected to disparate treatment including a lack of access to keys for conference rooms in their building. Keys for those rooms were regularly provided to Caucasian employees including those with less seniority. The keys were issued by Dr. Kinlaw and Ms. Hunt. Ms. Hunt would also regularly fail to inform plaintiffs of staff meetings within their department.

On July 9, 2012, defendant's President, Dr. Charles V. Chrestman met with defendant's Board of Trustees and was questioned about defendant's policy regarding rehires. Mr. Chrestman denied knowledge of a policy regarding rehires, but he had attempted to change the published policy on defendant's website on July 6, 2012. The attempted change was to defendant's Employment Relationship Policy which had been approved by the Board of Trustees on or about January 12, 2009. It states that in the case of reduction in workforce for financial exigencies, no

4

position subject to reduction in force shall be filled within one year of the reduction without first offering it to the employee that had been reduced in force.

On April 9, 2013, plaintiffs filed a complaint in Robeson County Superior Court. The complaint includes four claims for relief. Count I is brought on behalf of plaintiffs Jackson, Lowery, and Ray-Fuller and alleges a violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq* (2012)) ("Title VII"), claiming that these plaintiffs "suffered disparate and blatantly discriminatory treatment before being terminated and denied an opportunity for rehire, all on account of their race."

Count II is brought on behalf of Plaintiffs Lowery and Ray-Fuller and alleges a violation of the Age Discrimination and Employment Act (29 U.S.C. §621, *et seq* (2012)) ("ADEA"), claiming that these plaintiffs "have been subject to disparate treatment, denied a renewal of their employment and rejected in their applications for rehire in favor of younger hires."

Count III is titled "Retaliation and Discrimination" and is brought on behalf of all plaintiffs. This count alleges that the Board of Trustees of Robeson Community College's ("RCC") pattern of disparate treatment and discrimination violates the public policy of the State of North Carolina as stated in the Equal Employment Practices Act. N.C. Gen. Stat. § 143-422.2. Plaintiffs also claim their treatment violated the Community Colleges Non-Discrimination Policy ("CCNDP"). N.C. Gen. Stat. § 115D-77. Furthermore plaintiffs allege that defendant retaliated against plaintiffs Jackson, Lowery, and Ray-Fuller for filing charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") by failing to legitimately consider those plaintiffs for rehire. Finally, this count alleges that defendant violated the Constitution of the State of North Carolina by discriminating against plaintiffs based on their race, sex, and, with regard to plaintiffs Lowery and Ray-Fuller, their age.

5

Count IV claims wrongful discharge by allege that defendant's termination of plaintiff's employment violated the CCNDP and the public policy of the State of North Carolina. For each count, plaintiffs request compensatory damages in excess of $10,000 and an award of punitive damages to be determined by a jury.

On May 10, 2013, defendant timely removed this entire action to this Court pursuant to 28 U.S.C. § 1441 (2012). On June 7, 2013, defendant filed the instant motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

I.    LEGAL STANDARDS.

Defendants challenge this Court's subject matter jurisdiction pursuant to Federal Rule of Civil procedure 12(b)(1). Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When the 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a 12(b)(6) motion. *Adams*, 697 F.2d at 1219.

Defendants have also moved to dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

6

Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

With respect to a Title VII claim, a plaintiff "need not plead facts that constitute a prima facie case under the framework of *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973), in order to survive a motion to dismiss." *Prince-Garrison v. Maryland Dept. of Health and Mental Hygiene*, 317 F. App'x 351, 353 (4th Cir. 2009). "Nevertheless, the plaintiff retains the burden to allege facts sufficient to state all the elements of her claim." *Id.*

Having outlined the relevant legal standards governing the pending motion, the Court now turns to defendant's arguments in support of their motion to dismiss.

## II.     SUBJECT MATTER JURISDICTION.

Defendant argues that plaintiffs cannot rely on any allegations that they did not include in their charges of discrimination filed with the EEOC because this Court does not have subject matter jurisdiction over them under Federal Rule of Civil Procedure 12(b)(1). "[T]he EEOC charge's content determines the scope of a plaintiff's right to maintain a Title VII claim in

7

court." *Webb v. N.C. Dept. of Crime Control and Pub. Safety*, 658 F.Supp.2d 700, 707 (E.D.N.C. 2009) (citing *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002)). "Only those discrimination claims stated in the initial charge, those reasonably related to the original compliant, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Webb*, 658 F.Supp.2d at 708 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)). However, lawyers do not complete the charges, so courts construe them liberally. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). So long as plaintiffs' claims are reasonably related to their EEOC charge and can be expected from a reasonable administrative investigation, the claims may be advanced in this suit. *Syndor v. Fairfax Cnty., VA.*, 681 F.3d 591, 594 (4th Cir. 2012).

Here, plaintiffs' claims of discrimination by Ms. Hunt and Dr. Kinlaw, in the office where they worked, immediately preceding plaintiffs' termination is reasonably related to their EEOC charges. Furthermore, the claims could have been discovered upon reasonable administrative investigation. Plaintiffs may also allege the fact of their failure to be rehired. However, plaintiffs' claim for being denied an opportunity for rehire is barred. *Chacko*, 429 F.3d at 509 (noting a Fourth Circuit case where a claim of discriminatory failure to rehire was barred because the charge only alleged an illegal layoff). Despite this, to the extent plaintiffs plead the fact that they were not rehired as support for their claim of illegal termination, this Court will allow evidence of their not being rehired.

III.    TITLE VII DISPARATE TREATMENT CLAIM.

In order to plead a Title VII case of disparate treatment sufficient to survive a Rule 12(b)(6) motion, plaintiffs must show: (1) they are members of a protected class; (2) they have satisfactory job performance; (3) they were subjected to an adverse employment action; and (4)

8

similarly situated employees outside their class received more favorable treatment. *Chacko*, 429 F.3d at 509. Defendant claims plaintiffs have failed to meet their burden on elements two and four.

Defendant argues that plaintiffs do not claim that they performed their jobs adequately and they do not include any facts that would support such a claim. Plaintiffs state that their inclusion in the complaint that they had not been "informed that [they] were not eligible for rehire by defendant" is sufficient to address the issue. They also argue that there are no allegations pleaded nor do any such facts exist that the stated reason for any of the relevant plaintiffs' termination was unsatisfactory job performance. They then point to defendant's expressed reasons for termination – "budgetary constraints" and "restructuring." Here, however, the burden is on the plaintiffs to plead sufficient facts to survive a Rule 12(b)(6) motion to dismiss. Although this Court must view the facts in a light most favorable to the plaintiffs, turning the absence of the plaintiffs' being informed that they were not eligible for rehire into an affirmative statement that they satisfactorily performed their jobs would be an unwarranted inference. Plaintiffs fail to meet their burden for element two.

With respect to the fourth element, defendant claims plaintiffs have not attempted to point to any similarly situated non-African-American or Native-American employees of RCC. Plaintiffs do include statistics regarding the number of African-American, Native-American, and Caucasian employees terminated by RCC, but they do not explain the circumstances of any of these employees' termination nor whether they too were denied rehire, and do not allege that any of them are similarly situated to the plaintiffs. Such statistics without analytical bases are "virtually meaningless." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004). Although this Court must accept the statistics as true, it does not agree that the reasonable

inference to draw from the fact that sixteen African-American, eight Native-American and six Caucasian full-time employees were terminated over a three year period is that the defendant must engage in discriminatory employment practices. Indeed, without some explanation of these numbers, it would be unreasonable to infer so. Furthermore, plaintiffs' allegations regarding the disparate impact associated with the moving of work spaces and access to keys to work spaces are of little consequence here as these are not adverse employment actions. There are no bright line rules regarding what constitutes an "adverse" employment action short of job termination, or reduced wages and benefits, so courts must closely examine each case to determine whether the challenged action reaches the level of adverse. *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) (citing *Welsh v. Derwinski*, 14 F.3d 85, 86 (1st Cir. 1994)). Plaintiffs have failed to allege element four in their claim.

Because plaintiffs fail to adequately state elements two and four of Count I in their complaint, and fail to allege sufficient facts to support those claims, defendant's motion to dismiss is granted as to Count I.

IV.    LOWERY AND RAY-FULLER'S ADEA CLAIM.

A case of discriminatory discharge under the ADEA requires plaintiffs to show that (1) they are members of a protected class, (2) they were discharged, (3) at the time of discharge they were performing at a satisfactory level, meeting their employer's legitimate expectations, and (4) following their discharge, they were replaced by persons outside the protected class. *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936 (4th Cir. 1992). Defendant argues that plaintiffs have failed to sufficiently allege the third and fourth elements of this claim.

Here plaintiffs allege that they "met and/or exceeded defendant's legitimate expectations of their respective positions." They also cite the same statement that they were not informed by

10

defendant that they were ineligible for rehire as a factual allegation that they met and/or exceeded defendant's performance expectations. However, as defendant points out, this is not sufficient to have plausibly alleged element three. Plaintiffs must offer some factual allegations in support of their claim to have met the expectations of defendant. *See Jones v. Karnick, Inc.*, 2012 WL 13774 (D.S.C. Jan. 3, 2012) (dismissing Title VII case because plaintiff's complaint was "devoid of any factual allegations that [the plaintiff] was performing his job at a level that met the defendant's legitimate expectations"). As discussed *infra* Part III, the statement plaintiffs rely on is not enough. Ms. Ray-Fuller's statement in her EEOC charge that her job performance was not in question is similarly a conclusion reached by her, not an alleged fact. Plaintiffs fail to meet their burden on element three of Count II.

Defendant focuses their argument for element four on the plaintiffs' failure to allege that they were replaced by someone with comparable qualifications. Indeed, courts in the Fourth Circuit have required a showing that the younger replacement had "comparable qualifications." *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998). However, this has only been required at the summary judgment "prima facie stage." *Bliztein v. St. John's Coll.*, 74 F.3d 1459, 1467 n.7 (4th Cir. 1996) (*overruled on other grounds*) (noting the omission of "comparable qualifications" from the requirements in *Clay Printing*, 955 F.2d at 941). Combined with the instructions in *Green*, 411 U.S. 792, plaintiffs need not have alleged that the younger replacement had comparable qualifications although they will have to show it to prove their claim. Furthermore, in *Causey*, the court noted that he had not introduced evidence which showed "the City filled his position *or attempted to do so after his discharge.*" 162 F.3d at 802 (emphasis added). Plaintiffs here have clearly pled that RCC ran ads in the newspaper seeking applicants for their former position. Plaintiffs have met their burden at this stage regarded element four, but because they

have not sufficiently alleged element three, defendants motion to dismiss is granted as to Count II.

## V. THE RETALIATION AND DISCRIMINATION CLAIMS.

Plaintiffs make no contention with respect to defendant's arguments regarding plaintiffs' claims of retaliation and discrimination under North Carolina's Equal Employment Practices Act, N.C. Gen. Stat. § 143-422; the Community Colleges Non-Discrimination Policy, N.C. Gen. Stat. § 115D-77; and the North Carolina Constitution. Accordingly, defendant's motion to dismiss is granted as to Count III.

## VI. THE WRONGFUL DISCHARGE CLAIM.

Under North Carolina law "[i]t is well established that the tort of wrongful discharge arises only in the context of employees at will." *Doyle v. Asheville Orthopaedic Assocs., P.A.*, 148 N.C. App.173, 174 (N.C. App. 2001). "[I]n the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at [] will." *Jenkins v. AKZO Noble Coatings, Inc.*, 35 F. App'x. 79, 83 (4th Cir. 2002). Terms such as "a regular permanent job" or "if you do your job, you'll have a job" are "not sufficiently definite to remove the employment relationship from the at-will [sic] presumption." *Id.* North Carolina Courts have been reluctant to permit the rebuttal of the policy-based at will presumption. *Id.* at 85.

Plaintiffs concede that a wrongful discharge claim can only arise in the context of employment at will, yet they argue that this matter cannot be determined without the inspection of information not available for consideration during a motion to dismiss. Plaintiffs are correct that the Court cannot definitively determine the status of their employment with the facts alleged in the complaint. However, the burden is on the plaintiffs at this stage in the proceedings. To

survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs ask that this court speculate as to whether they were employees at will or whether they were employed via contracts for definite terms. Plaintiffs did not allege in their complaint that they were at will employees. Indeed, the facts alleged in the complaint support a finding that they were *not* at will employees. The complaint notes how each plaintiff was employed pursuant to a renewable contract, the contracts were not renewed, and plaintiffs remained on the job until the expiration of their contract. In the absence of a direct allegation that plaintiffs were at will employees, the Court can do nothing else but to find that plaintiffs have not met their burden in pleading sufficient facts to support a claim that they were at will employees. Accordingly, the defendant's motion to dismiss is granted regarding Count IV.

## VII.   PUNITIVE DAMAGES.

Plaintiffs concede that they are not entitled to punitive damages. Accordingly, defendant's motion to dismiss is granted in regards to punitive damages.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiffs' claims for relief are hereby DISMISSED. The clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED.

This the **18** day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE